UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00146

MARIO LUIS GONZALEZ PLIEGO,                                              Petitioner

v.

AMANDA LEIGH HAYES,                                                      Respondent

## MEMORANDUM OPINION AND ORDER

Petitioner, Mario Luis Gonzalez Pliego, filed a Motion for Fees and Expenses. (Docket No. 62). Respondent, Amanda Leigh Hayes, has responded. (Docket No. 69). Petitioner has replied. (Docket No. 77). This matter is now ripe for adjudication. For the following reasons, Petitioner's Motion for Fees and Expenses (Docket No. 62) will be GRANTED.

## BACKGROUND

Petitioner Mario Luis Gonzalez Pliego ("Pliego") and Respondent Amanda Leigh Hayes ("Hayes") are the parents of a minor child who is the subject of this litigation. This matter arises from Pliego's second Petition for Return of Children pursuant to the Hague Convention on the Civil Aspect of International Child Abduction (the "Hague Convention"), and the implementing legislation in the United States, the International Child Abduction Remedies Act ("ICARA"), set forth in 42 U.S.C. § 11601, *et seq*.

Pliego's first Hague Petition was filed after Hayes traveled with the child from Turkey to Christian County, Kentucky, whereupon Hayes informed Pliego that Hayes intended to keep the child and was filing for divorce. This Court found the minor child's habitual residence was Turkey and that the child should be returned to Turkey for resolution of all custody matters.

Further details may be found in this Court's opinion in *Pliego v. Hayes*, 2015 WL 269207 (W.D. Ky. Jan, 21, 2015) (hereinafter *Pliego I*).

Following *Pliego I*, the minor child was returned to Turkey. Hayes also traveled to Turkey and filed for divorce. Hayes also requested and received temporary custody of the minor child. Approximately three weeks later a Turkish court ordered the child returned to Pliego. Hayes was able to evade returning the child to Pliego by traveling to a series of safe houses, attempting a failed border crossing to the Democratic Republic of Georgia, and ultimately traveling by boat to Albania, whereupon she and the child flew to the United States. Further details may be found in this Court's findings of fact, conclusions of law, and opinion. (Docket No. 57).

This Court granted Pliego's second Hague Petition. (Docket No. 57). Pliego has filed a motion for attorneys' fees and expenses.

**STANDARD**

Under ICARA, "[a]ny court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3).

"The purposes of awarding costs and fees under § 11607(b)(3) are (1) 'to restore the applicant to the financial position he or she would have been in had there been no removal or retention' and (2) to deter such removal or retention." *Flynn v. Borders*, 2007 U.S. Dist. LEXIS

19743 *3 (E.D. Ky. 2007) (*quoting* Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10494-01, 10511 (Mar. 26, 1986)).

The party seeking an award of attorney's fees must submit adequate evidence detailing the hours worked and the rates claimed. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). "The only limitations on reimbursable expenses are that they be 'necessary' and not 'clearly inappropriate' and that they were incurred 'during the course of the proceedings in the action.'" *Lebiedzinski v. Crane*, 2005 U.S. Dist. LEXIS 45787 (D. Alaska, 2013) (quoting 42 U.S.C. § 11607(b)(3)). However, the Court may reduce an award of attorneys' fees if claimed hours are duplicative, excessive, or insufficiently documented. *Wasniewski v. Grzelak–Johannsen*, 549 F. Supp. 2d 965, 972 (N.D. Ohio 2008). "The goal is not to overcompensate counsel with a 'liberal' fee, but to award the 'reasonable' fee necessary to encourage competent lawyers to undertake the representation." *Id*. "A reasonable fee is one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Dowling v. Litton Loan Serv.*, LP, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004).

## DISCUSSION

The Petitioner has requested total attorney's fees of $85,390.15. This includes: attorney Rebecca McKelvey's 120.5 hours, billed at $295 ($35,547.50); attorney Brenton Lankford's 173.25 hours, billed at $260, ($45,045.00); attorney Gregory D. Smith's 4.75 hours, billed at $435 ($2,066.25); and paralegal Kathy A. Hagerty, 21.00 hours billed at $140 ($1,995.00), and litigation expenses of $736.40.

The petitioner has also requested $15,081.03 in additional expenses. This includes: expenses to attend trial ($2,070.28 for Petitioner's airline ticket; $1,788.59 for his mother's

airline ticket; $2,364.00 for lodging; $2,505.01 for rental car); expenses for the return of the child ($4,845.58 for Petitioner, his mother, and minor child's airline tickets to Istanbul; $202.12 for hotel during layover; $213.80 and $113.59 for airline tickets from Istanbul to Ankara; $528.62 for airline ticket for Petitioner's mother from Ankara to Barcelona); and trial expenses ($449.44 for translation/interpreter fees).

In her response, Hayes argues that she is currently employed at the Hopkinsville Christian County Public Library, earning $9.65 per hour and working 32 hours per week. Hayes states she will return to Turkey to litigate custody, at which point she will have no income and will not be permitted to work under her Turkish visa. (Docket No. 69). Hayes also states she has "no house, no car, and no money." (Docket No. 69). In contrast, she argues that Pliego earns in excess of $150,000 annually and that Hayes has "not received any child support" from Pliego. (Docket No. 69). Hayes argues Pliego's fees are excessive and that Pliego has unreasonably increased the attorneys' fees in this case by claiming diplomatic immunity in the court proceedings in Turkey and filing for divorce and custody in Spain.

In reply, Pliego stresses that this is the second instance in which Hayes has taken their child from Turkey. In both cases Pliego has succeeded in having the child returned to Turkey upon filing a Hague Petition. Pliego also contests Hayes' claim that she is lacks the ability to financially support herself. Hayes has also obtained a college degree and two graduate degrees. Pliego argues Hayes must have financial support as she secured legal counsel in *Pliego I,*[1] has "at least four (4) lawyers in Turkey, plus a legal 'consultant,'" and was able to travel across eastern Europe undetected while there was a travel ban on their child. (Docket No. 77).

---

[1] In this case, *Pliego II*, Hayes has been represented by counsel provided through legal aid.

In *Pliego I* this Court reduced Pliego's request for attorneys' fees by 50%. The Court noted Hayes' apparent inability to satisfy a judgment and the Court's belief that the parties could have reduced attorneys' fees by seeking mediation early in the dispute. In this case the Court declines to reduce Pliego's attorneys' fees and expenses. Hayes may not be able to satisfy this judgment, but in light of the fact that Hayes has previously taken her child from Turkey, the Court holds awarding the full request for attorneys' fees will serve the purpose of deterring future removal. *Flynn v. Borders*, 2007 U.S. Dist. LEXIS 19743 *3 (E.D. Ky. 2007). The Court will not exclude Pliego's expenses related to the travel of his mother, Mercedes Viyuela, as she testified in this case. The Court will also not reduce Pliego's request for attorneys' fees as excessive or duplicative as this case involved rare and possibly unique legal and factual issues. The Court again finds that counsel for both parties were professional and well-prepared.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) Petitioner's Motion for Fees and Expenses (Docket No. 62) is GRANTED.

(2) Petitioner is entitled to an award of $100,471.18 in attorney's fees and costs.